IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JAMES STEPHEN GLOVER, § <br> SPN #02960073, § <br> § <br> *Plaintiff*, § <br> § <br> v. § <br> § <br> HARRIS COUNTY DISTRICT § <br> ATTORNEY'S OFFICE, *et al.*, § <br> § <br> *Defendants*. § | Civil Action No. H-20-2355 |

## MEMORANDUM OPINION AND ORDER

Harris County pretrial detainee James Stephen Glover, SPN #02960073, proceeding *pro se* and *in forma pauperis*, filed this section 1983 lawsuit complaining of violations of his constitutional rights. Having screened the complaint as required by sections 1915 and 1915A, the Court **DISMISSES** this lawsuit for the reasons shown below.

### I. BACKGROUND AND CLAIMS

Plaintiff Glover is a Harris County pretrial detainee awaiting trial on felony charges for assault of a family member with impeding breathing as a second offender, and misdemeanor charges for criminal mischief (destruction of property) and driving under the influence. He complains that his appointed counsel, David Ryan, tried to get him to plead guilty "under distress" in lieu of pursuing a motion for speedy trial. Plaintiff claims that he is innocent of the charges and was "astonished" when his attorney advised him to plead guilty in order to avoid a harsher sentence.

## II.  ANALYSIS

Because plaintiff is a pretrial detainee seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.  *See Martin v. Scott*, 156 F.3d 578, 579–80 (5th Cir. 1998) (per curiam). Because he proceeds *in forma pauperis*, his complaint is also subject to screening under section 1915(e)(2).  Both sections 1915(e)(2)(B) and 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds that it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

Under section 1915(e)(2)(B)(i), the Court may dismiss an *in forma pauperis* complaint as frivolous when it lacks an arguable basis in law or fact.  *Hutchins v. McDaniels*, 512 F.3d 193, 195 (5th Cir. 2007).  A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory.  *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).

To state a viable claim under section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).  That is, section 1983 claims must be brought against a state actor.  *Id*.

It is well established that a criminal defendant's attorney, whether retained or appointed, is a private individual and not a state actor for purposes of section 1983.  *Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988); *McGhee v. Bradshaw*, 127

F.3d 33, at *1 (5th Cir. 1997). Plaintiff pleads no factual allegations showing that his appointed counsel, David Ryan, is a state actor, and his claim against David Ryan is **DISMISSED WITHOUT PREJUDICE**.

Plaintiff names as additional defendants Harris County and the Harris County District Attorney's Office. However, no factual allegations are pleaded against these defendants and no section 1983 claimw are raised. Plaintiff's claims as to Harris County and the Harris County District Attorney's Office are **DISMISSED WITHOUT PREJUDICE**.

### III. CONCLUSION

This lawsuit is **DISMISSED WITHOUT PREJUDICE** for failure to state a viable claim for relief under section 1983. Any and all pending motions are **DISMISSED AS MOOT**.

This dismissal constitutes a "strike" for purposes of section 1915(g).

The Clerk is to provide a copy of this order to plaintiff and to the United States District Court for the Southern District of Texas, Houston Division, Attention: Three-Strikes List Manager, at the following email: Three_Strikes@txs.uscourts.gov.

Signed at Houston, Texas, on this the  6th  day of July, 2020.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE